Kaplan, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X    Docket Number
TREVOR BURNS 97-A-6087,                08-CV-4835 (LAK)(JCF)

                Plaintiff,

    - against -                    **STIPULATION OF SETTLEMENT**

C.O. MARTINEZ, et al.,

                Defendants.
----------------------------------X

    WHEREAS plaintiff, Trevor Burns, filed a complaint dated April 26, 2008 and an amended complaint dated January 6, 2009 ("complaint"), alleging that defendants had violated plaintiff's rights during plaintiff's incarceration in the New York State Correctional Services system; and

    WHEREAS defendants answered the complaint and denied all allegations that their conduct violated plaintiff's constitutional or other rights; and

    WHEREAS the parties have resolved the issues alleged in the complaint in the above-captioned action ("Action"), and have negotiated in good faith for that purpose; and

    WHEREAS none of the parties to the Action is an infant or incompetent person; and

    WHEREAS the parties to the Action have settled all claims asserted therein and the Action has been discontinued with prejudice and without costs to either side as ordered by the Honorable Lewis A. Kaplan, U.S.D.J., on May 24, 2011 ("Order of Discontinuance"); and

7/26/11

WHEREAS plaintiff represents and warrants that, other than this Action, he has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties and counsel as follows:

1. Defendants shall pay the sum of Fifty Thousand Dollars ($50,000.00), in full satisfaction of any and all claims for relief in this Action, including attorneys' fees, costs and disbursements. Payment shall be made by check drawn to the order of Trevor Burns and delivered to Mr. Burns at his correctional facility for deposit in his inmate facility/departmental account. Mr. Burns' counsel agrees not to claim fees, disbursements, or expenses in any degree or respect.

2. In consideration of the payment of the sums recited in paragraph #1 above, the plaintiff, Trevor Burns, hereby releases and discharges each of the defendants and any and all current or former employees or agents of New York State or the New York State Department of Correctional Services, in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and its agencies, including, without limitation, the New York State Department of Correctional Services, from any and all claims, liabilities and causes of action which plaintiff or plaintiff's representatives, heirs or assigns ever had, now has or hereafter shall or may have for, upon, or by

reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation of Settlement.

3. In consideration of the Order of Discontinuance, the defendants, in their individual and official capacities, and their heirs, executors, administrators and assigns, pursuant to the terms recounted on the record of the proceedings held on May 24, 2011, in the matter, hereby release and discharge the plaintiff, Trevor Burns, his heirs, attorneys, executors, administrators and assigns, from any and all claims, liabilities and causes of action which the defendants, or the defendants' representatives, heirs or assigns ever had, now has or hereafter shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation of Settlement.

4. Nothing in this Stipulation of Settlement shall be construed as an admission or acknowledgment of liability whatsoever by any of the defendants or the New York State Department of Correctional Services regarding any of the allegations made by the plaintiff in his complaint.

5. Payment of the amounts recited in paragraph #1 above is subject to the approval of all appropriate New York State officials in accordance with the provisions for indemnification under Section 17 of the New York Public Officers Law. Plaintiff and plaintiff's counsel agree to execute and deliver to counsel for defendants all necessary or appropriate vouchers and other documents requested with respect to such payment. The provisions of Chapter 62 of the

Laws of 2001 (relating to crime victims, funds of convicted persons and the Crime Victims Board, now the New York State Office of Victims Services) may be applicable to payments by defendants hereunder.

6. In the event payments of the amounts recited in paragraph #1 above are not made within one hundred and twenty (120) days after the receipt by defendants' counsel of a copy of the fully executed So-ordered Stipulation of Settlement as entered by the Court, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961 beginning on the one hundred and twenty-first day after receipt by defendants' counsel of a copy of the fully executed Stipulation of Settlement.

7. Neither the Stipulation of Settlement nor the Order of Discontinuance shall have any precedential value or effect whatsoever nor shall they be admissible in any other action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce the Stipulation of Settlement, the Order of Discontinuance, or the settlement terms stipulated to by the parties before Judge Kaplan on May 24, 2011.

8. The Stipulation of Settlement, Order of Discontinuance, and the settlement terms stipulated to by the parties before Judge Kaplan on May 24, 2011, embody the entire agreement of the parties in this matter and no other oral agreement entered into at any time nor any other written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of

the instant proceedings, shall bind the parties hereto, or vary the terms and conditions contained therein.

Dated: New York, New York
       July 3, 2011

                                 ERIC T. SCHNEIDERMAN
                                 Attorney General of the
                                 State of New York
                                 Attorney for Defendants
                                 120 Broadway
                                 New York, New York 10271-0332

                                 By: INNA REZNIK
                                 Assistant Attorney General
                                 Of Counsel
                                 Tel. No. (212) 416-8612

Dated: New York, New York
       July 12, 2011

                                 O'MELVENY & MYERS LLP
                                 Attorneys for Plaintiff
                                 Times Square Tower
                                 7 Times Square
                                 New York, NY 10036

                                 By:
                                 ANTHONY DILELLO
                                 Tel. No. (212) 408-2405

                                 TREVOR BURNS

SO ORDERED:

Dated: New York, New York
       7/26/11, 2011

_____
U.S.D.J.